UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------------------x
JOVELYN BRUTUS,

                                  Plaintiff,                        *SUA SPONTE*
                                                                           *REPORT AND*
    -against-                                                        *RECOMMENDATION*

PATHMARK STORES, INC., PATHMARK OF           14-CV-5656
SPRINGFIELD GARDENS #616,                             (Ross, J.)
                                                                                   (Marutollo, M.J.)

                                Defendants.

-----------------------------------------------------------------------x
**JOSEPH A. MARUTOLLO, United States Magistrate Judge:**

       Plaintiff commenced this personal injury action on August 27, 2014 against Pathmark Stores, Inc. and Pathmark of Springfield Gardens #616 (together, "Defendants") by filing a summons and complaint in the Supreme Court of the State of New York, County of Queens. *See* Dkt. No. 1. On September 26, 2014, Defendants removed the case to this court on diversity grounds. *See id.* On July 21, 2015, the case was stayed due to Defendants' parent company, The Great Atlantic & Pacific Tea Company, Inc., filing for Chapter 11 bankruptcy. *See* Dkt. No. 21.

       Since then, Plaintiff, who appears in this case through counsel, has failed to comply with multiple Court orders, including four recent status report orders spanning over 5 months. *See* Mar. 5, 2024 Dkt. Order. The Court has made clear that Plaintiff's noncompliance would have repercussions, including recommended dismissal, by forewarning that failure to abide by Court orders would result in the undersigned recommending to the District Judge that the case should be dismissed pursuant to Fed. R. Civ. P. 41(b).

       Because those warnings were not heeded, the Court now respectfully recommends *sua sponte* to the Honorable Allyne R. Ross, United States District Judge, that this action be dismissed for failure to prosecute in light of Plaintiff's repeated failure to follow Court orders.

1

I.    **Relevant Background**

Plaintiff commenced this case on August 27, 2014, seeking damages for a slip-and-fall accident that occurred on April 14, 2014 at a store owned and operated by Defendants. *See* Dkt. No. 1. On September 26, 2014, Defendants removed the case to this Court on diversity grounds. *See id.* Defendants answered the complaint on January 22, 2015. *See* Dkt. No. 8.

On July 21, 2015, Defendants filed a notice that their parent company was filing for Chapter 11 bankruptcy and that an automatic stay was in effect. *See* Dkt. No. 21. That same day, the Court entered an order staying the case and directing the parties to file a status report by November 20, 2015. *See* July 21, 2015 Dkt. Order. Over the course of the next eight years, the parties filed status reports intermittently to update the Court on the progress of the bankruptcy proceeding.

The parties, however, failed to file a status report by the Court's August 13, 2021 deadline. Instead, on March 16, 2023, the parties filed status reports indicating that the bankruptcy court was unlikely to lift the automatic stay because Defendants' parent company had distributed all of its assets to creditors, and the bankruptcy action had been dismissed with respect to all claimants except for one creditor. *See* Dkt. Nos. 40, 41. Defendants also advised the Court that there was no insurance coverage available for any claims valued below $750,000 because there were no assets left for the parent company to satisfy its $750,000 self-insured retention. *See* Dkt. No. 40. As a result, on May 13, 2021,[1] Defendants reported that the bankruptcy court issued an order setting forth the only mechanism for having the stay lifted, which requires a claimant to establish that their claim exceeds $750,000 in value and that there is insurance coverage available for any

---

[1] It is not clear why this information was not shared with the Court in May 2021 or at any time prior to March 16, 2023.

2

losses above that figure. *Id.* Alternatively, the claimant can demonstrate that there is another party aside from the parent company or Pathmark against whom recovery can be sought. *Id.*

In light of the foregoing developments, the Court ordered Plaintiff to show cause as to why her case should not be dismissed without prejudice. *See* Mar. 30, 2023 Dkt. Order. On April 7, 2023, Plaintiff responded and argued that her case should not be dismissed because the bankruptcy case was still active, and there was a chance that assets could become available or the stay could be lifted. *See* Dkt. No. 42. Though Plaintiff admitted that her chances of recovery were unlikely, she urged the Court to allow this action to continue so that she could preserve her right of adjudication. *See id.* The Court ordered the parties to file a joint status report by October 10, 2023. *See* Apr. 10, 2023 Dkt. Order.

The last status report filed by Plaintiff in this action was, in fact, on October 10, 2023. *See* Dkt. No. 43. On October 18, 2023, the Court issued an order directing the parties to submit a status report by February 15, 2024. *See* Oct. 18, 2023 Dkt. Order.

The parties failed to file the required report in compliance with the Court's October 18, 2023 order.

On February 20, 2024, the Court *sua sponte* extended the deadline to February 21, 2024. *See* Feb. 20, 2024 Dkt. Order. The Court noted that "[t]he parties are reminded that failure to follow the Court's orders may result in sanctions." *Id.*

On February 22, 2024, Defendants filed a status report wherein they reiterated what they said in their March 16, 2023 report, to wit: the stay was unlikely to be lifted, Defendants' parent company had no assets or insurance coverage, and Plaintiff had not sought to lift the stay. *See* Dkt. No. 44. In their letter, Defendants urged the Court to dismiss the case or order Plaintiff to

3

make a motion in the bankruptcy court to lift the stay. *Id.* Plaintiff did not join the report and therefore failed to comply with the Court's February 20, 2024 order.

On the same date, February 22, 2024, the Court ordered Plaintiff to respond to Defendants' letter by February 23, 2024 at 12 p.m. *See* Feb. 22, 2024 Dkt. Order. The Court again noted "[f]ailure to comply with the Court's order may result in sanctions." *Id.* Plaintiff failed to respond to the Court's February 22, 2024 order.

On March 1, 2024, the Court again ordered Plaintiff to file a status report by March 4, 2024 at 12 p.m. *See* Mar. 1, 2024 Dkt. Order. The Court reiterated that "[i]f Plaintiff does not timely file the report, the Court may impose sanctions." *Id.* Plaintiff failed to respond to the Court's March 1, 2024 order.

On March 5, 2024, the Court ordered Plaintiff to show cause as to why she failed to comply with the Court's orders and advising that her failure to comply could result in a *sua sponte* report and recommendation for her claims to be dismissed without prejudice for failure to prosecute. *See* Mar. 5, 2024 Dkt. Order. Specifically, the Court ordered as follows:

> ORDER TO SHOW CAUSE: On October 18, 2023 Order, the parties were directed to file a joint status report by February 15, 2024. The parties failed to file said report. On February 20, 2024, the Court ordered the parties to file a joint status report by February 21, 2024 in light of the parties' failure to comply with the Court's prior order. Defendants filed a response on February 22, 2024, and the Court ordered Plaintiff to respond by February 23, 2024 at 12 p.m. Plaintiff did not respond. On March 1, 2024, the Court ordered Plaintiff to file a status report by February 23, 2024 at 12 p.m. To date, Plaintiff has not filed a status report or otherwise complied with the Courts orders.
>
> **By March 8, 2024, Plaintiff, through her counsel [], shall show cause as to why she failed to comply with the Court's Orders dated October 18, 2023; February 20, 2024; February 22, 2024; and March 1, 2024.** Plaintiff's response shall include a response to Defendants' assertion that "it is submitted that this action should be voluntarily discontinued" or, alternatively, "a motion should be made in the bankruptcy Court seeking to have the stay lifted." *See* Dkt. No. 22. Plaintiff's failure to comply may result in a *sua sponte* Report & Recommendation

4

> recommending that the District Judge dismiss her claims against Defendants without prejudice for failure to prosecute.

Mar. 5, 2024 Dkt. Order (emphasis in original).

To date, Plaintiff has not filed a response or otherwise complied with any Court order since October 18, 2023.

## II.  Discussion

### A.  Legal Standard

Rule 41(b) of the Federal Rules of Civil Procedure authorizes the district court to dismiss an action "[i]f the plaintiff fails to prosecute or to comply with [the] rules or a court order." *Baptiste v. Sommers*, 768 F.3d 212, 216 (2d Cir. 2014) (alterations in original) (quoting Fed. R. Civ. P. 41(b)); *see also Zappin v. Doyle*, 756 F. App'x 110, 111-12 (2d Cir. 2019) ("Although not explicitly authorized by Rule 41(b), a court may dismiss a complaint for failure to prosecute *sua sponte*" (citing *Spencer v. Doe*, 139 F.3d 107, 112 (2d Cir. 1998))); *Sowell v. The New York City Department of Homeless Services*, No. 23-CV-5346 (LTS), 2024 WL 870952, at *1 (S.D.N.Y. Feb. 28, 2024) ("Under Rule 41(b) of the Federal Rules of Civil Procedure, a district court may dismiss an action *sua sponte* for failure to prosecute, as long as the court notifies the plaintiff." (citing *LeSane v. Hall's Sec. Analyst, Inc.*, 239 F.3d 206, 209 (2d Cir. 2001))).

"It is plaintiff's obligation to move his case to trial, and should he fail to do so in a reasonable manner, his case may be dismissed with [or without] prejudice as a sanction for his unjustified conduct." *Lewis v. Nationstar Mortg. LLC*, No. 18-CV-3015 (RRM) (CLP), 2019 WL 11624580, at *1 (E.D.N.Y. Apr. 16, 2019) (quoting *West v. City of New York*, 130 F.R.D. 522, 524 (S.D.N.Y. 1990)), *report and recommendation adopted*, 2021 WL 103265 (E.D.N.Y. Jan. 11, 2021). "The law is clear. The district court has the power to dismiss for failure to prosecute, on its own motion." *Schenck v. Bear, Stearns & Co., Inc.*, 583 F.2d 58, 60 (2d Cir. 1978) (citing

5

*West v. Gilbert*, 361 F.2d 314 (2d Cir.), cert. denied, 385 U.S. 919 (1966)). The authority to dismiss a case *sua sponte* arises from a court's inherent power, and is not limited by Rule 41 of the Federal Rules of Civil Procedure. *Link v. Wabash R. Co.*, 370 U.S. 626 (1962); *accord In re World Trade Center Disaster Site Litig.*, 722 F.3d 483, 487 (2d Cir. 2013).

In considering a Fed. R. Civ. P. 41(b) dismissal, courts weigh five factors: "(1) the duration of the plaintiff's failure to comply with the court order, (2) whether plaintiff was on notice that failure to comply would result in dismissal, (3) whether the defendants are likely to be prejudiced by further delay in the proceedings, (4) a balancing of the court's interest in managing its docket with the plaintiff's interest in receiving a fair chance to be heard, and (5) whether the judge has adequately considered a sanction less drastic than dismissal." *Baptiste*, 768 F. 3d at 216. (citing *Lucas v. Miles*, 84 F.3d 532, 535 (2d Cir. 1996)). "No single factor is generally dispositive." *Baptiste*, 768 F.3d at 216.

### B.     Analysis

Here, all five of the *Baptiste* factors weigh in favor of dismissal.

"The first factor to be examined breaks down into two parts: (1) whether the failures to prosecute were those of the plaintiff, and (2) whether these failures were of significant duration." *U.S. ex rel. Drake v. Norden Sys., Inc.*, 375 F.3d 248, 255 (2d Cir. 2004) (internal citations omitted). Here, Plaintiff has taken no action to prosecute this case for over five months, since she filed her last status report on October 10, 2023. And since then, as outlined above, Plaintiff has repeatedly failed to comply with four of the Court's directives and orders. Plaintiff's apparent unwillingness to follow the Court's orders, and her delay in prosecuting this case overall, favor dismissal. *See Zappin*, 756 F. App'x at 112 ("Case law . . . supports a conclusion that a 49-day delay could be significant and could weigh in favor of dismissal" for failure to prosecute under

6

Rule 41(b) of the Federal Rules of Civil Procedure); *see also Pena v. Zazzle Inc.*, 587 F. Supp. 3d 109, 114 (S.D.N.Y. 2022) (collecting cases favoring dismissal after four months of inaction); *Gonzalez v. City of New York*, No. 17-CV-1824 (JGK), 2018 WL 2269244, at *1 (S.D.N.Y. May 17, 2018) ("The plaintiff's failure to comply with the Court's orders in the preceding three months clearly warrants dismissal for failure to prosecute, especially in light of this Court's repeated reminders that the plaintiff risked dismissal of his case if he failed to comply with the orders."). *Singelton v. City of New York*, No. 14-CV-9355 (DLC), 2015 WL 9581781, at *2 (S.D.N.Y. Dec. 30, 2015) (dismissing an action under Rule 41(b) where "[t]he plaintiff has not meaningfully communicated with the defendants for over two months" and had not communicated with the court in over two months); *Portorreal v. City of New York*, 306 F.R.D. 150, 152 (S.D.N.Y. 2015) (dismissing an action for failure to prosecute where the plaintiff had "repeatedly ignored orders setting deadlines and requiring status letters" and her response to a court order was "almost two months overdue"); *Toliver v. Okvist*, No. 10-CV-05354 (DAB) (JCF), 2014 WL 2535111, at *2 (S.D.N.Y. June 5, 2014) (recommending dismissal of a case under Rule 41(b), where the plaintiff's response to a court order was five weeks overdue), *report and recommendation adopted*, 2015 WL 8543103 (S.D.N.Y. Dec. 10, 2015).

Notably, the fact that this case has been stayed does not excuse Plaintiff from complying with Court orders. *See Sec. & Exch. Comm'n v. Craig Scott Cap., LLC*, No. 16-CV-4757 (SJF) (AYS), 2020 WL 435034, at *3 (E.D.N.Y. Jan. 28, 2020) (denying leave to reopen case for failure to prosecute after plaintiff failed to comply with the court's order directing it to seek leave to reopen within thirty days of the bankruptcy stay being lifted); *Moore v. Desposito*, No. 15-CV-4319 (CBA) (LB), 2016 WL 10413064, at *2 (E.D.N.Y. Oct. 25, 2016) (recommending dismissal under Rule 41(b) in a case stayed pending an underlying criminal proceeding), *report and*

*recommendation adopted*, 2017 WL 5009844 (E.D.N.Y. Oct. 30, 2017).  Indeed, pursuant to the Bankruptcy Code "11 U.S.C. § 362(a) prohibits 'all entities' only from 'the commencement or continuation . . . of a judicial . . . action or proceeding against the debtor that arose before the commencement of the [bankruptcy]' or from taking 'any act to obtain possession of property of the estate . . . or to exercise control over property of the estate' of the debtor." *Ocasio v. Flying Software Labs*, No. 18-CV-93, 2023 WL 35314, at *1 (D. Utah Jan. 4, 2023) (citing 11 U.S.C. § 362(a)(1), (a)(3)) (concluding "that even if the automatic bankruptcy stay remains in effect, the stay does not preclude dismissal of this action for failure to comply with the court's orders and for failure to prosecute.").  Neither prohibition in 11 U.S.C. § 362(a) bars the Court from dismissing Plaintiff's action.  Moreover, Plaintiff has taken no action to have the bankruptcy stay lifted despite a procedure being available for her to do so since May 13, 2021.  Under these circumstances, this factor weighs in favor of dismissal.

The second factor poses the question as to whether the plaintiff "received notice that further delays would result in dismissal." *Drake*, 375 F.3d at 255 (internal citations omitted).  In each of the Court's last three orders, the Court threatened sanctions for noncompliance.  Significantly, in the Court's March 5, 2024 order to show cause, the Court put Plaintiff on notice that her failure to comply with the order could result in dismissal.  *See* Mar. 5, 2024 Dkt. Order.  Accordingly, this factor also weighs in favor of dismissal.

The third factor is whether Defendants are likely to be prejudiced by any further delay. *Drake*, 375 F.3d at 255.  Here, given Plaintiff's inaccessibility "for months at a time, courts presume prejudice."  *Caussade v. United States*, 293 F.R.D. 625, 630-31 (S.D.N.Y. 2013) (collecting cases).  Because Plaintiff's inaccessibility has unnecessarily delayed this case for many months, if not years, the Court finds that prejudice is presumed.

8

Fourth, dismissal is warranted based on "a balancing of the court's interest in managing its docket with the plaintiff's interest in receiving a fair chance to be heard." *Lucas*, 84 F.3d at 535. The Court has a strong interest in managing its docket and "cannot wait indefinitely" for Plaintiff to "turn h[er] attention" to this case. *Pena*, 587 F. Supp. 3d at 114. Indeed, Plaintiff's failure to obey Court orders or make an attempt to prosecute this case effectively dismisses her right to have the Court hear her claim. *See id.*

Finally, the Court finds that a sanction less drastic than dismissal would not suffice. Plaintiff had over five months to be heard, was given several chances to cure her inaction, and received warning of possible dismissal. And still, she took no action. Thus, any sanction short of dismissal is unlikely to be effective. *See Shannon v. Gen. Elec. Co.*, 186 F.3d 186, 196 (2d Cir. 1999) (Sotomayor, J.) (affirming dismissal for failure to prosecute); *see also Simonaj v. Garland*, No. 23-CV-10322 (JHR) (SLC), 2024 WL 872287, at *2 (S.D.N.Y. Feb. 1, 2024), ("Given Mr. Gjoni's complete lack of communication and disregard of the Court's orders, no lesser sanction than dismissal is appropriate."), *report and recommendation adopted*, 2024 WL 871028 (S.D.N.Y. Feb. 29, 2024); *Thompson v. Rising Star Beauty Salon, Inc.*, No. 15-CV-3716 (RRM)(RER), 2017 WL 3887870, at *2 (E.D.N.Y. Sept. 5, 2017) ("Given Thompson's failure to comply with the Court's order warning of possible dismissal, it is unlikely that a sanction short of dismissal would be effective"). Despite the Court giving Plaintiff repeated opportunities to be heard, she has chosen not to prosecute this case.

Thus, this Court respectfully recommends dismissal for failure to prosecute.

**III.     Conclusion**

For the foregoing reasons, the undersigned respectfully recommends that this action be dismissed without prejudice for Plaintiff's failure to prosecute and failure to comply with Court orders pursuant to Fed. R. Civ. P. 41(b).

A copy of this Report and Recommendation is being electronically served on counsel for the parties.

Any objections to this Report and Recommendation must be filed within 14 days after service of this Report and Recommendation. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(2). *See also* Fed. R. Civ. P. 6(a) & (d) (addressing computation of days). Any requests for an extension of time for filing objections must be directed to Judge Ross, Failure to file objections within this period designating the particular issues to be reviewed waives the right to appeal the district court's order. *See* 28 U.S.C. § 636(b); Fed. R. Civ. P. 72(b)(2); *Wagner & Wagner, LLP v. Atkinson, Haskins, Nellis, Brittingham, Gladd & Carwile, P.C.*, 596 F.3d 84, 92 (2d Cir. 2010); *Kotlyarsky v. United States Dep't of Just.*, No. 22-2750, 2023 WL 7648618 (2d Cir. 2023); *see also Thomas v. Arn*, 474 U.S. 140 (1985).

Dated:      Brooklyn, New York
            March 28, 2024

                                                        */s/ Joseph A. Marutollo*
                                                        JOSEPH A. MARUTOLLO
                                                        United States Magistrate Judge